# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00136-CV

**Kevin Ficke, Appellant**

**v.**

**Tommy Ratliff; Hays County Sheriff's Department;**
**Hays County District Attorney's Office; and Sherri Tibbe, Appellees**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 428TH JUDICIAL DISTRICT
### NO. 10-1559, HONORABLE BERT RICHARDSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kevin Ficke appeals a district-court judgment granting the appellees' plea to the jurisdiction based on governmental immunity and dismissing his claims against the Hays County Sheriff's Department and the Hays County District Attorney's Office (collectively, Hays County).[1] Ficke contends that Hays County waived immunity by its conduct. The parties are familiar with the facts, procedural history, and applicable standards of review. Accordingly, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4. We will affirm the district court's judgment.

---

[1] In its judgment the district court recited that Ficke had dismissed his claims against Tommy Ratliff and Sherri Tibbe during the hearing on the plea to the jurisdiction. Ficke does not complain about this aspect of the judgment.

In this appeal, Ficke argues that the trial court should not have granted the plea to the jurisdiction because Hays County waived its immunity by its conduct consisting of hiring him knowing of a past expunged and sealed criminal history, representing that his employment would never be affected by that past history, and subsequently using his past history as a reason for forcing him to resign from his employment. Ficke further contends that an unidentified Hays County staff member disclosed his expunged and sealed criminal history to his previous employer. It is undisputed, however, that Ficke was an at-will employee and was paid for his work in accordance with his employment contract.

The "waiver-by-conduct" exception to immunity from suit has not been embraced by Texas courts. While holding open the possibility that *some* set of facts *might* constitute conduct deemed to waive immunity, the supreme court has yet to identify any set of facts that would amount to such conduct. *See Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 706 (Tex. 2003) (holding that "equitable basis for [waiver by conduct] simply does not exist under this set of facts"); *Texas Natural Res. Conservation Comm'n v. IT Davy*, 74 S.W.3d 849, 862 (Tex. 2002) (plurality op.) (Hecht, J., concurring) ("I cannot absolutely foreclose the possibility that the State may waive immunity in some circumstances other than by statute."); *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 408 n.1 (Tex. 1997) ("There may be other circumstances where the State may waive its immunity by conduct other than simply executing a contract so that it is not always immune from suit when it contracts."). The supreme court has yet to find a set of circumstances supporting the waiver-by-conduct exception to governmental immunity that it has alluded to, and we decline to do so on the record before us.

Ficke asserts that he should be given the opportunity to amend his pleading. But in recent years Texas courts have consistently declined to recognize a waiver-by-conduct exception to governmental immunity absent a set of facts so egregious as to shock the conscience of even the staunchest defender of governmental immunity. *See Texas S. Univ. v. State St. Bank & Trust Co.*, 212 S.W.3d 893, 908 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (immunity waived when governmental unit induced private party into contract with promises, including letter from general counsel, that contract would be valid and enforceable, and then disclaimed any obligation for $13 million in equipment and services it received by declaring that contract was not valid after all). Based on the facts pleaded by Ficke in his petition, we are unable to imagine how he could amend the allegations in a way that would cure the jurisdictional defect. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839-40 (Tex. 2007) (court of appeals erred by providing opportunity to amend to attempt to cure incurable jurisdictional defect).

The trial court's judgment is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed: February 27, 2014